Todd A. Pickles (SBN 215629)
GREENBERG TAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com

Attorney for Defendant MARK SCHENA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARK SCHENA,<br><br>　　　　Defendant. | CASE NO. 5:20-cv-06717-EJD<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Date:　　　January 25, 2024<br>Time:　　　9:00 a.m.<br>Location:　Courtroom 4, 5th Floor<br>Judge:　　　Honorable Edward J. Davila<br><br>[Filed concurrently with Declaration of Todd Pickles in Support of Motion; and [Proposed] Order] |

**TO THIS HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Thursday, January 25, 2024 at 9:00 a.m., before the United States District Court for the Northern District of California, in Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, the Honorable Edward J. Davila presiding, or as soon thereafter as may be heard, including by remote access, the undersigned and the law firm of Greenberg Traurig LLP will and hereby do move to withdraw as counsel of record for Defendant Mark Schena.  The motion is based upon this notice of motion, the memorandum in support of the motion, a copy of which has been submitted under seal, the declaration of Todd Pickles, a copy of which is submitted under seal, all records of this Court and matters of which this Court may take judicial notice, and any argument as permitted by the Court.

A copy of this motion is being served upon Mr. Schena through email and mail service.

Respectfully submitted,

DATED: December 18, 2023                    GREENBERG TRAURIG, LLP

By: /s/Todd A.Pickles
Todd A. Pickles
Attorney For Defendant MARK SCHENA

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD

## I.  INTRODUCTION

The undersigned of the firm of Greenberg Traurig represented Mr. Schena in this matter in order to facilitate the entry of a stay of this civil matter pending resolution of the related criminal case *United States v. Schena*, 4:20-cr-00425 EJG. A stay was entered and remains in effect. Unfortunately, Mr. Schena lacks sufficient funds to pay for the costs and fees for services previously provided and to be provided by Greenberg Traurig associated with the above-captioned action, including past costs and fees incurred to date. Therefore, including pursuant to California Rule of Professional Conduct 1.16, the undersigned and Greenberg Traurig (collectively "Greenberg") seek to withdraw as counsel. Moreover, there has been no activity in this case as it has remained stayed since after Greenberg entered its appearance. Mr. Schena has not yet answered and no scheduling order was enter. As such, allowing Greenberg to withdraw as this stage will not impact the schedule or cause appreciable delay to resolution of the case. Overall, due to the current situation, Greenberg can no longer represent Mr. Schena in this action.

## II.  FACTS RELEVANT TO MOTION

In or around June 2020, Mr. Schena has arrested on a criminal complaint filed in 5:20-mj-70721-MAG. (Declaration of Todd Pickles ("Pickles Decl."), ¶ 3.) Mr. Schena retained the undersigned of Greenberg to represent him in the matter and the undersigned entered an appearance as Mr. Schena's criminal counsel and began to represent him in that case. (*Id*., ¶¶ 3-4.)

Thereafter, the Securities and Exchange Commission ("SEC") filed the complaint in the above-number action on or about on or about September 24, 2020. (*Id*., ¶ 5.) This matter was deemed related to the criminal case. (*Id*.) In or around March 2021, Mr. Schena accepted service of the complaint. (*Id*., ¶ 6.)

During and after this time, ███████████████████████████████████████ (*Id*., ¶ 7.) Accordingly, in or around April 2021, Mr. Schena signed an addendum to the engagement letter with Greenberg whereby he retained Greenberg to represent him in this matter. (*Id*., ¶ 8.) In the engagement letter, ███████████████████████████████████████████████████████████████████

1  ▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*)

2  As the Court is aware, Greenberg represented Mr. Schena through the trial in the criminal matter, and then filed post-trial motions for judgment of acquittal and for a new trial. (*Id.*, ¶ 9.) Thereafter, Greenberg represented Mr. Schena throughout sentencing and filed a notice of appeal on his behalf. (*Id.*, ¶¶ 9-10.) Unfortunately, due to Mr. Schena's economic situation, he was unable to pay for all of the costs and fees for services incurred during the trial itself, and thereafter did not pay for any of the costs and fees for services relating to any of the post-trial litigation, including through sentencing. (*Id.*, ¶ 11.) Mr. Schena has also not paid Greenberg for any costs or fees incurred in the SEC case since after the say was entered in April 2021. (*Id.*) Based upon Mr. Schena's present economic circumstances, there also unfortunately is no realistic prospect that he will be able to pay Greenberg the amounts he was obligated to pay it under the parties' engagement agreement or to be able to pay future costs and fees. (*Id.*, ¶ 12.)

Greenberg decided to represent Mr. Schena through conclusion of the criminal matter in district court, including to avoid causing delay in connection with a motion to withdraw in that case, despite the absence of payment for services and costs. (*Id.*, ¶ 13.) Nonetheless, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[1] (*Id.*, ¶ 14). ▇▇▇▇▇▇▇▇ Greenberg did engage in some short-lived settlement discussion with SEC but those were unsuccessful. (*Id.*, ¶ 15.) Thereafter, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*)

To date, the only substantive actions that have occurred in this matter are that Mr. Schena accepted service of the complaint, Greenberg entered its appearance, and the Court, upon stipulation of the parties, entered a stay of this case pending further order of the Court. (*Id.*, ¶ 17.) Mr. Schena has not filed an answer or any responsive pleading and no scheduling order has issued. (*Id.*) The SEC has not filed any dispositive motions. (*Id.*)

---

[1] Greenberg filed a notice of appeal on Mr. Schena's behalf and thereafter moved to be relieved as counsel. The Ninth Circuit granted the motion and Mr. Schena has been appointed appellate counsel.

## III. LEGAL STANDARD

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott,* No. C 97-4737 JL, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004) (citing *Wash. v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Factors courts may consider include "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id*. (citations omitted).

## IV. COURT SHOULD PERMIT GREENBERG TO WITHDRAW AS COUNSEL

"An attorney may seek to withdraw his or her representation for the non-payment of fees." *Cummings v. Worktap, Inc.*, No. C 17-6246 SBA, 2018 U.S. Dist. LEXIS 246550, at *4 (N.D. Cal. Oct. 10, 2018) (citing *Moss Landing Comm'l Park LLC v. Kaiser Aluminum Corp.*, No. 07-cv-06072-RMW, 2009 U.S. Dist. LEXIS 25772, 2009 WL 764873, at *1 (N.D. Cal. Mar. 19, 2009) ("The court applies California's Rules of Professional Conduct to determine whether withdrawal is proper. Pursuant to such rules, an attorney may seek to withdraw if the client 'breaches an agreement or obligation to the member as to expenses or fees.'") (quoting former Cal. Rule of Prof. Conduct 3-700(C)(1)(f))[2]; *see also FTC v. Fed. Loan Modification Law Ctr., LLP*, No. SACV 09-00401-CJC(MLGx), 2009 U.S. Dist. LEXIS 135554, at *3 (C.D. Cal. Aug. 11, 2009) ("A client's refusal to pay attorneys' fees or expenses may be sufficient grounds for a court to grant a motion to withdraw.") (citing *Denney v. City of Berkeley*, 2004 WL 2648293, 2004 WL 2648293, at *3 (N.D. Cal. Nov. 18, 2004); *Darby v. Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992)); Schwarzer, Tashima, et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2013) § 12:192, at 12-66.4 (noting that "[f]ederal courts generally look to applicable state rules of professional conduct"); *id*. § 12:193, at 12-66.4 ("The client's failure to pay agreed-upon attorney fees may be ground for an attorney to withdraw."). Here, due to Mr. Schena's unfortunate present financial circumstances, he has not been able to pay for the fees incurred by Greenberg, both in connection with the criminal matter and this matter and will not realistically be able to pay for the fees incurred. (Pickles Decl., ¶¶ 11-12.) This non-payment of fees, which is a breach of a material term of the parties' engagement agreement, is a valid basis for withdrawal. *See Cummings*, 2018 U.S. Dist. LEXIS 246550, at

---

[2] The current version of that rule is Rule 1.16(b)(5) of the California Rules of Professional Conduct.

1  *4 (granting motion to withdraw where, *inter alia*, firm not paid fees); *Fed. Loan Modification Law Ctr.*,
2  2009 U.S. Dist. LEXIS 135554, at *3 (same).

3  Further, the withdrawal will not prejudice any other litigants nor the administration of justice or otherwise cause an unwarranted delay. As noted, the case has been stayed since Greenberg made its appearance, which was before Mr. Schena filed an answer or responsive pleading. (Pickles Decl., ¶ 17.) The stay remains pending, and the Court should continue the stay through at least the resultion of this motion if not through the appeal in Mr. Schena's criminal case, which would be the most efficient manner to protect Mr. Schena's interests. Regardless, no scheduling order as been entered and there are no motions pending. (Pickles Decl., ¶ 17.) As such, allowing Greenberg to withdraw will not prejudice the SEC nor affect the administration of this case.

Lastly, Greenberg has fully complied with its ethical obligations under California Rule of Professional Conduct 1.16(b), which provides that a "lawyer may withdraw from representing a client if … the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal.R. Prof. Conduct 1.16(b)(5). Further, "a lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)." *Id.*, Rule 1.16(d). Paragraph (e), in turn, provides for the release of the client's records upon request and the return of retainer for fees not yet earned or incurred. *Id.*, Rule 1.16(e).

In this case, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (Pickles Decl., ¶¶ 14-16.) ▆▆▆▆▆▆▆▆▆▆▆▆ (*Id.*, ¶ 16.) ▆▆▆▆▆▆ (*Id.*)

Lastly, Greenberg has taken this action as soon as potential settlement discussions ended but while the case has been stayed to avoid any prejudice to Mr. Schena, or any other party or the Court. It has also served Mr. Schena an unredacted copy of this motion and supporting declaration.

Greenberg regrets that it must take the present step. Nonetheless, for the reasons explained above, the undersigned and the firm must respectfully take the necessary action of seeking permission to withdraw as Mr. Schena's counsel of record in this matter.

## V. CONCLUSION

For the reasons stated above, the Court should permit Todd Pickles and the firm of Greenberg Traurig LLP to withdraw as counsel of record.

Respectfully submitted,

DATED: December 18, 2023                    GREENBERG TRAURIG, LLP

By: /s/Todd A. Pickles
Todd A. Pickles
Attorney For Defendant MARK SCHENA